UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GWA, LLC,<br>　　　　Petitioner, | :<br>:<br>: |
| v. | : 　3:10-cv-741 (WWE) |
| COX COMMUNICATIONS, INC. and<br>JOHN DOE,<br>　　　　Respondents. | :<br>:<br>:<br>: |

## **ORDER ON PETITIONER'S VERIFIED PETITION FOR PRE-ACTION DISCOVERY**

　　　　Petitioner GWA, LLC has filed a petition (Doc. #1) in order to conduct pre-action discovery to perpetuate testimony pursuant to Rules 27 and 34 of the Federal Rules of Civil Procedure.  For the following reasons, the petition will be granted.

　　　　Petitioner seeks discovery to identify respondent John Doe, one of respondent Cox Communications, Inc.'s internet service subscribers.  Petitioner anticipates filing an action against Doe under the Stored Communications Act, 18 U.S.C. § 2701 et seq., and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

　　　　Rule 27 allows discovery before the commencement of an action in federal court if the perpetuation of testimony "may prevent a failure or delay of justice."  Fed. R. Civ. P. 27(a)(3).  A petitioner must show:

　　　　　　(A)　that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;

　　　　　　(B)　the subject matter of the expected action and the petitioner's interest;

　　　　　　(C)　the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;

>   (D)   the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
>
>   (E)   the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a)(1). Further, petitioner must show that absent prompt discovery, "the testimony might be lost to a prospective litigant" without immediate action. <u>Petition of Ferkauf</u>, 3 F.R.D. 89, 91 (D.C.N.Y. 1943).

Here, petitioner has filed a verified petition demonstrating (1) that it expects to be a plaintiff in an action against respondent John Doe related to Doe's alleged unauthorized access into its computer systems; (2) that it has an interest in the expected action; (3) the facts that it hopes to elicit through pre-action discovery and how those facts would be relevant to the expected litigation; and (4) the name, address and expected substance of the testimony of the deponent, respondent Cox Communications. Petitioner has also described the expected adverse party, respondent John Doe, even if it is currently unable to identify that party. Finally, the Court finds, based on petitioner's representations, that respondent Cox Communications will not maintain the requested testimony as needed by petitioner and the information will be lost or destroyed.

Therefore, the Court orders as follows:

>   1.   GWA may issue a subpoena to take the deposition of Cox Communications upon oral examination or written questions for the purpose of perpetuating its testimony regarding the identity of its subscriber using the IP address 68.9.222.249 from April 2009 to the present;
>
>   2.   Said subpoena shall include a copy of this Order;

3.  Pursuant to 47 U.S.C. § 551(c)(2)(B), Cox Communications shall immediately provide notice of said subpoena and this Order to the subscriber using the IP address 68.9.222.249;

4.  Said deposition shall be taken no later than June 5, 2010, provided that neither respondent files an objection to this Order; and

5.  Said subpoena shall allow at least fifteen days between service and commencement of the deposition to allow Cox Communications and/or John Doe the opportunity to appear and be heard on any objection or motion in response to said subpoena.

For the foregoing reasons, the Court GRANTS petitioner's verified petition for pre-action discovery (Doc. #1).

Dated at Bridgeport, Connecticut, this 17th day of May, 2010.

/s/
Warren W. Eginton
Senior United States District Judge